UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Indianapolis Division

| | |
|---|---|
| RAYMOND J. BROCKSMITH, </br> *Plaintiff*, </br> </br> v. </br> </br> TRANS UNION, LLC, </br> *Defendant*. | ) </br> ) </br> ) </br> ) **Cause No. 4:17-CV-00164** </br> ) </br> ) </br> ) |

# COMPLAINT WITH JURY TRIAL DEMAND

## PRELIMINARY STATEMENT

1. This action is based on Defendants' false reporting on Plaintiff's credit reports and failures to follow reasonable procedures and failures to conduct reasonable reinvestigations with respect to such information.

2. The United States Congress has found that the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. Congress enacted the Fair Credit Reporting Act, 15 U.S.C.A. § 1681 (West) *et seq*. ("FCRA"), to insure fair and accurate reporting, promote efficiency in the banking system, and protect consumer privacy. The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The FCRA also imposes duties on the sources (called "furnishers") that provide credit information to credit reporting agencies.

## PARTIES

3. Plaintiff, Raymond J. Brocksmith (hereinafter "Brocksmith"), is a natural person who resides in Salem, Indiana.

4. Brocksmith is an individual and is therefore a "consumer" as that term is defined by 15 U.S.C.A. § 1681a(c) (West).

5. Defendant Trans Union, LLC (hereinafter "Trans Union") is a credit bureau that conducts business in Indiana.

6. Trans Union regularly assembles and/or evaluates consumer credit information for the purpose of furnishing consumer reports to third parties, and use interstate commerce to prepare and/or furnish the reports, and accordingly, are each considered a "consumer reporting agency" as that term is defined by 15 U.S.C.A. § 1681a(f).

## JURISDICTION AND VENUE

7. Because this case arises under the Fair Credit Reporting Act, 15 U.S.C.A. § 1681 *et seq.*, jurisdiction of this Court arises under 28 U.S.C.A. § 1331 (West).

8. Venue is proper in this Court because a substantial part of the claim arose in Indiana, Brocksmith resides in Indiana and all Defendants "reside" in Indiana, as that term is used in 28 U.S.C.A. § 1391 (West).

## FACTUAL ALLEGATIONS

9. On or about November 23, 2011, Brocksmith filed a Chapter 13 bankruptcy proceeding in the Southern District of Indiana, under Cause No. 11-71852-BHL-13.

10. Among other creditors, Barclays and Chase were listed on Brocksmith's Schedule E.

11. Brocksmith met all requirements of his Chapter 13 bankruptcy and as a result, he received a discharge of his debts by Order dated March 16, 2017. A copy of the Order of Discharge is attached hereto as "Exhibit A."

INACCURATE INFORMATION REPORTED BY TRANS UNION

12. Sometime in July of 2017, Brocksmith obtained a copy of his consumer credit report as published by Trans Union.

13. The report contained erroneous information as provided by Barclays and Chase, published and reported by Trans Union. Specifically, the Trans Union credit report failed to reflect that both of the former obligations had been discharged via his Chapter 13 bankruptcy proceedings.

14. In a letter dated July 14, 2017, Brocksmith disputed the inaccurate and misleading information to Trans Union and advised Trans Union of the specific facts that rendered the reporting inaccurate and misleading. A copy of the dispute letter is attached hereto as "Exhibit B."

15. Upon information and belief, Trans Union failed to timely notify Barclays or Chase of Brocksmith's dispute in accordance with 15 U.S.C.A. § 1681i (West).

16. Nonetheless, within a document dated July 18, 2017 (just four days later), Trans Union advised Brocksmith that it had researched his dispute and the current status was being reported correctly. However, Trans Union provided a copy of the tradelines as reported that reproduced at the errors identified by Brocksmith in his original dispute letter. A copy of the Trans Union reinvestigation report is attached as "Exhibit C."

17. Brocksmith did not file a Chapter 7 bankruptcy nor were the aforementioned debts included in a Chapter 7 bankruptcy.

18. Trans Union was required to communicate the specifics of Brocksmith's dispute to Barclays and Chase.

19. Trans Union had an affirmative duty to reasonably reinvestigate the dispute submitted by Brocksmith and to accurately report the tradeline information notwithstanding the information it received from Seterus or Ocwen.

### TRIAL BY JURY

20. Brocksmith is entitled to and hereby requests a trial by jury.

### CAUSES OF ACTION

#### COUNTS I & II: VIOLATION OF THE FCRA
[15 U.S.C.A. § 1681e(b) and 1681i (West)]

21. Brocksmith incorporates by reference all preceding paragraphs as though fully stated herein.

22. Trans Union willfully and/or negligently violated 15 U.S.C.A. §1681e(b) by failing to follow reasonable procedures to assure the maximum possible accuracy of Brocksmith's consumer reports.

23. Trans Union also willfully and/or negligently violated 15 U.S.C.A. § 1681i in multiple ways including without limitation by failing to conduct a reasonable reinvestigation of Brocksmith's dispute and by failing to appropriately delete or modify inaccurate information in Brocksmith's file.

24. As a result of Trans Union's violation of 15 U.S.C.A. § 1681e(b) and 15 U.S.C.A. §1681i, Brocksmith has suffered actual damages including but not limited to the payment of increased costs of credit or the denial of credit, certain out-of-pocket expenses, and emotional distress. Brocksmith is therefore entitled to recover actual damages pursuant to 15 U.S.C.A. § 1681n and 1681o (West).

25. Trans Union's actions and omissions were willful, rendering them liable for punitive damages and/or statutory damages pursuant to 15 U.S.C.A. § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 U.S.C.A § 1681o.

26. Brocksmith is entitled to recover costs and attorney's fees from Trans Union pursuant to 15 U.S.C.A. § 1681n and 1681o.

**WHEREFORE**, Plaintiff Raymond J. Brocksmith respectfully requests the following relief:

a. Actual damages;

b. Statutory damages;

c. Punitive damages pursuant to 15 U.S.C.A. § 1681n;

d. Reasonable attorney's fees and costs pursuant to 15 U.S.C.A. § 1681n and/or 1681o;

e. That an Order be issued for the Defendants to modify, delete or block the inaccurate information being reported; and

f. Such other and further relief as may be just and proper.

Respectfully submitted,

*/s/ Keith L. Hancock*
Keith L. Hancock, Atty No. 26397-49
**BARKER HANCOCK & COHRON**
198 South Ninth Street
Noblesville, IN 46060
Telephone: (317) 219-4746
khancock@bhclegal.com
*Attorney for Plaintiff*